GULOTTA, Judge
(dissenting).
The conclusion reached by the majority (that had the inside stairway conformed *766 and complied with the statutory requirements, plaintiffs probably would have been able to obtain egress from the burning building preventing the necessity of Mrs. Scott’s jumping from the window) is not based on any evidence in the record. In this instance, I am of the opinion the majority is supplying expert opinion upon which to reach a conclusion.
The result reached by the majority could very well be correct. However, without any evidence in the record to support such a conclusion, we can only theorize and speculate. Herein lies the problem with the majority opinion. It is based upon unsupported supposition. We cannot condone such a result on the trial level, nor can we advance such a result here. Accordingly, I dissent.
PER CURIAM.
On application for rehearing, plaintiffs argue they adequately proved that Mrs. Scott sustained an aggravation of her preexisting bone infarct, which was secondary to her sickle cell trait. They point out testimony that significant smoke inhalation can cut off a person’s blood supply and cause temporary or permanent sickling, which could cause further damage to the bone.
Even if the reduced oxygen caused further sickling, we cannot say that Mrs. Scott would not have inhaled most of the smoke if the landlord had provided a proper exit. The landlord’s breach of duty necessitated Mrs. Scott’s jump, but not necessarily her inhalation of smoke.
Furthermore, there was positive orthopedic testimony that the type of injury (ankle sprain) sustained by Mrs. Scott in the jump was not likely to cause the existing bone infarct to become symptomatic.
The application is denied.
Application denied.